

FILED

07/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0322

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0322

STEVEN CORRY STEPHENSON,

    Plaintiff/Counterclaim Defendant and

Appellant,

    v.

LONE PEAK PRESERVE, LLC, an Ohio Limited
Liability Company,

    Defendant/Counterclaimant and

Appellee.

ORDER

FILED

JUL 0 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellee Lone Peak Preserve, LLC, via counsel, has moved to dismiss this appeal on the basis that it is an appeal taken from an order that is not immediately appealable. Appellant Steven Corry Stephenson opposes the motion.

Stephenson appealed from an Order Granting Preliminary Injunction, issued on December 8, 2023, in the Eighteenth Judicial District Court, Gallatin County, Cause No. DV-21-1297C. The substance of the Order provides, in its entirety:

> On October 30, 2023, the Court held a Show Cause Hearing in this matter. Based upon the evidence presented at that hearing, the Court hereby GRANTS the Preliminary Injunction requested by Defendant Lone Peak Preserve, LLC. The Court's Findings of Fact, Conclusions of Law, and Preliminary Injunction will be filed on or before December 15, 2023.

The District Court did not file Findings of Fact, Conclusions of Law, and Preliminary Injunction on or before December 15, 2023, or thereafter. On May 21, 2024, Stephenson filed a Notice of Appeal in this Court.

M. R. App. P. 6(3), provides that parties may immediately appeal certain orders in civil cases, "provided that the order is the court's final decision on the referenced matter[.]" M. R. App. P. 6(3)(e) provides that an order granting or dissolving, or refusing to grant or

dissolve, an injunction or an attachment is one such order. Lone Peak argues that the District Court's December 8, 2023 Order Granting Preliminary Injunction is not presently appealable because it is not the District Court's final decision on the referenced matter as the court specified that it would further issue findings and conclusions. Lone Peak argues that, instead of appealing to this Court, Stephenson should have requested the District Court issue its findings and conclusions as it indicated it would in its December 8, 2023 Order. Lone Peak moves this Court to dismiss Stephenson's appeal as premature.

Stephenson responds that the order at issue is a final order because the District Court's self-imposed deadline had long passed before Stephenson filed his Notice of Appeal. Stephenson asserts that the substance of his legal argument on appeal is that the order is not a lawful order granting an injunction. He asserts that the order fails to comply with § 27-19-105, MCA, and for over six months he has been subject to an injunction that fails to describe the acts from which he is enjoined. He argues that this Court should allow his appeal to proceed under M. R. App. P. 6(3)(e) because this is the only mechanism by which he can appeal the District Court's failure to issue the requisite findings of fact and conclusions of law for the preliminary injunction.

Having examined the substance of the District Court's December 8, 2023 Order Granting Preliminary Injunction, we conclude this order is not appealable under M. R. App. P. 6(3)(e) because it is not a preliminary injunction, but rather an order announcing that the District Court "will be filing" a preliminary injunction. As explained in the order: "The Court's Findings of Fact, Conclusions of Law, *and Preliminary Injunction will be filed* on or before December 15, 2023." (Emphasis added.) Although the District Court has not issued its findings, conclusions, and preliminary injunction by December 15, 2023, as it indicated it would in its December 8, 2023 Order, its December 8, 2023 Order is not a final order that is immediately appealable. Whatever other avenues that may be available to Stephenson to remedy this situation, Lone Peak is correct that his present appeal is premature.

2

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this _____ day of July, 2024.

_____

_____

_____

_____

_____
Justices